RAMÓN SEBASTIÁN ROLA CARRILLO ET AL., Plaintiffs and Appellants, v. HEIRS OF RAFAEL CALDERÓN RIVERA ET AL., Defendants and Appellees.

No. 8987. Argued November 9, 1944.—Decided February 7, 1946.

R. R. Rivera Correa for appellants. Luis Apellániz Storer for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Ramón Rola Quiñones died intestate on January 7, 1926. He left three children of legal age, Emilio, Eduardo, and Agustina Rola Ryan, born out of his marriage with Belén Ryan, and two other children, Ramón Sebastián and Joaquín Bernardo Rola Carrillo, 11 and 10 years of age, respectively, the issue of his marriage with Eduarda Carrillo Matta. By an order of January 25, 1926, the five children and the widow were declared sole and universal heirs *ab intestato* of the decedent, and on the same date Francisca Matta, maternal grandmother of the two minors, was appointed guardian *ad litem* of the latter. By an order of February 8 of the same year, Nicolás Carrillo Matta was appointed judicial administrator and he furnished a bond and filed an inventory of the property left by Ramón Rola Quiñones.

On July 7, 1926, at the request of the mother of the minors, the court ordered the sale at public auction of the undivided interests of said minors in the estate of their father. At the public sale the marshal awarded said undivided interests to Rafael Calderón Rivera, predecessor in interest of the defendant heirs herein, for the sum of $540.34, which the purchaser paid immediately. The properties in which said minors had the above-mentioned undivided interests are: (*a*) a rural property of 193.52 acres (*cuerdas*); (*b*) a rural property of 92.84 acres; (*c*) a rural property of 18 acres; (*d*) a one-story frame house; (*e*) two dwelling houses for overseers, a barn (*ranchón*), agricultural implements, etc. All the properties were recorded in the name of the decedent Ramón Rola Quiñones.

As a first cause of action, it was alleged that the court which ordered the sale of the undivided interests never ac-

quired jurisdiction over the two minors, because the person who represented them in the proceeding was their mother, Eduarda Carrillo Matta, and not their guardian *ad litem,* Francisca Matta; that in said proceeding it was falsely alleged that among the properties belonging to the estate there was one subject to a mortgage in favor of The Loíza Sugar Co. amounting to $50,757.80, principal and interest, when in fact there were three properties so encumbered by said lien, and further it was falsely alleged that the mortgage was overdue, when in truth the same was to be paid in monthly instalments of $2,921.85 each on the 30th day of June of each year, from 1920 to 1934 inclusive; that it was also falsely alleged that the interest of each of said minors amounted to $270, when according to the inventory made by the judicial administrator the assets of the estate were valued at approximately $78,594 and the debts of the deceased only amounted to $61,595.38; and, lastly, that in the petition filed on behalf of the minors the fact of the judicial administration of the estate was willfully concealed. The plaintiffs alleged that by the reason of the foregoing facts, the proceeding instituted to obtain a judicial authorization for the sale of their undivided interests was null and void.

As a second cause of action, it was alleged that subsequent to the sale of the interests of the two minors, plaintiffs herein, the heirs Emilio, Eduardo, and Agustina Roya Ryan, the widow Eduarda Carrillo Matta, and the guardian *ad litem* of the two minors, in the year 1926 made an extrajudicial partition of the hereditary property which, according to the inventory, amounted to $63,098.86, the charges against the estate being as follows: (*a*) the mortgage debt in favor of The Loíza Sugar Co. amounting to $50,757.80; (*b*) a debt owed to Schluter & Co. amounting to $2,762.58; and (*c*) a debt in favor of Emilio, Eduardo, and Agustina Rola Ryan, as heirs of Belén Ryan, which amounted to $8,075; that in said partition there were allotted to Eduardo and Agustina

Rola Ryan, for the payment of the debts owed to The Loíza Sugar Co. and Schluter & Co., the two properties of 193.52 acres, valued at $34,300 and $16,500, respectively, besides a one-half interest in the frame house which was valued at $2,500; and that the shares of the minors were paid in cash to the guardian *ad litem* and both minors were expressly released from all further liability regarding the debts of the estate.

The plaintiffs further alleged that the partition was approved by the district court, embodied in a notarial protocol, and recorded in the registry; and that the disposition made by the guardian *ad litem* of the interests belonging to the minors was without the holding of a public auction.

Lastly, the plaintiffs alleged that Rafael Calderón Rivera, predecessor in interest of the defendant heirs, had purchased from Agustina and Eduardo Rola the rural properties awarded to them in the partition, for the sum of $59,000 of which he paid $8,242.13 to the sellers and retained the balance of the purchase price in order to pay the encumbrances to which said properties were subject; that Rafael Calderón Rivera acted in bad faith in making such purchase, since it did not appear from the registry that in conveying the interets of the minors the legal requisites had been complied with. The plaintiffs prayed that a judgment be rendered in their favor decreeing the nullity of all the proceedings, transfers, and recordings mentioned in the complaint; declaring that each of the plaintiffs is entitled to a one-fifth undivided interest in the estate of Ramón Rola Quiñones; ordering the defendants to put the plaintiffs in possession of said undivided interets and to render an account of the civil fruits received or which might have been received; and adjudging the defendants to pay costs and attorney's fees.

The defendants filed their answer and, as a first defense, set up the insufficiency of the amended complaint. The lower court sustained that defense and rendered judgment

dismissing the complaint, with costs against the plaintiffs. The latter thereupon took the present appeal.

The only question to be decided is whether the lower court erred in upholding the defense of insufficiency and, consequently, in dismissing the complaint.

Although the amended complaint is divided into two causes of action—one regarding the alleged nullity of the judicial sale of the interests of the plaintiffs in the hereditary property, and another regarding the alleged nullity of the partition—really there is involved a single cause of action, through which the plaintiffs seek to have their undivided interests in the estate recognized.

In order to establish that cause of action there are set forth certain facts which, according to the theory of the plaintiffs, show that they never alienated their undivided interests in said estate, inasmuch as neither the judicial sale of the interests, nor the subsequent partition wherein money in cash was awarded in payment thereof, was valid.

■ If the partition was valid, the plaintiffs are not entitled to any part of the properties in which they claim to have undivided interests, since those properties were allotted to other heirs.

■ We may assume, without holding, that the judicial sale of the undivided interests of the plaintiffs was void. But, disregarding that sale, we have that a partition of the estate was made as if the plaintiffs still owned their undivided interests. As a result of that partition, in which the guardian *ad litem* of the plaintiffs participated, and which was approved by the district court, the plaintiffs were paid in cash their shares in the hereditary property.

■ The plaintiffs-appellants maintain that the partition was void on three grounds, to wit, that there was no judicial authorization for the disposal of their interests by the guardian *ad litem* in the partition; that no public auction was held in connection with the allotment of property to certain

heirs for the payment of the debts of the estate; and that the person who acquired the hereditary rights of the plaintiffs in the judicial sale, which the plaintiffs claim—and we assume— to be void, did not participate in the division of the estate.

From the complaint it appears that the guardian *ad litem* was appointed by the court soon after the death of the predecessor in interest of the plaintiffs, and that the proposed partition, in which the guardian *ad litem* participated, received the approval of the court. We fail to perceive, nor have the appellants pointed out to us, what other "previous judicial authorization" was required for the validity of the partition.

The appellants, however, insist that the hereditary property having been allotted to certain heirs for the payment of debts of the estate, the partition was void inasmuch as no public auction was held. Their contention is groundless, in view of the provisions of § 71A of the Special Legal Proceedings Act, now § 605 of the Code of Civil Procedure (1933 ed), which reads as follows:

"That whenever the partition of an inheritance is made wherein minors or incapacitated persons are interested, if property of the estate is to be adjudicated in payment of debts to heirs or others, the matter shall be submitted to the district court of competent jurisdiction for approval, and if said court, after hearing the fiscal, becomes convinced of the certaintiy of the debt and that the adjudication in payment of same is reasonable and just, it may approve such adjudication in payment of the debt without a public sale."

See also *Amadeo* v. *Compañía Azucarera del Toa,* 58 P.R. R. 775, and *Mercader* v. *Registrar,* 42 P.R.R. 673.

 Nor is the validity of the partition affected by the fact that the person to whom the interests of the plaintiffs in the inheritance was awarded in the judicial sale claimed by the plaintiffs to be void, did not participate therein. If the sale was void, the purchaser acquired nothing and he had no interest in the partition. If the sale was valid, the plaintiffs have no interest left in the estate and the only person who

could complain of not having participated in the division of the estate would be the purchaser at said sale.

Therefore, it appears from the facts alleged in the complaint that a valid partition of the estate was made, and that pursuant to said partition, the plaintiffs received their shares in the inheritance, for which reason they lack any interest in the properties allotted to the other heirs. Consequently, the lower court did not err in sustaining the defense of insufficiency of the complaint, nor in rendering judgment dismissing that pleading.

The judgment appealed from should be affirmed.